**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06-CV-P408-S**

**ALBERTO SANTIAGO**                                                        **PLAINTIFF**

**v.**

**WARDEN LARRY D. CHANDLER** *ET AL.*                       **DEFENDANTS**

**MEMORANDUM & OPINION**

The plaintiff Alberto Santiago acting *pro se* filed a notice of removal of two Oldham Circuit Court actions (DN 1).[1] Plaintiff has also filed a motion for appointment of guardian ad litem (DN 3) and a motion to proceed without prepayment of fees (DN 4).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of*

---

[1] According to Plaintiff, he is attempting to remove two civil actions, 05-CI-491 and 06-CI-467, from Oldham Circuit Court by way of the single notice of removal filed with this Court.

*Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Upon review of Plaintiff's notice of removal, the Court has determined that it lacks subject matter jurisdiction over this action. Plaintiff is attempting to remove these actions pursuant to 28 U.S.C. § 1441. This section states in relevant part:

> a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

*Id.* "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 461 (6th Cir. 2002). Indeed, it has long been recognized that, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). Plaintiff lacks the authority under 28 U.S.C. § 1441 to remove his own actions from state to federal court. Accordingly, the Court must remand the actions to state court.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Safety Cabinet, Office of Legal Counsel
     Clerk, Oldham Circuit Court (Civil Action Numbers 05-CI-491 and 06-CI-467)

4411.008